HILL et al. v. GOLTRY, Trustee, et al.

No. 31192.  Nov. 2, 1943.

*142 P. 2d 853.*

Association of Enid Lodge No. 870 Benevolent and Protective Order of Elks, a corporation, executed its trust deed to certain real and personal property located in Garfield county for the purpose of securing payment of its bonds issued in denominations of $100 and $50 in the total sum of $100,000 due in 1939. John G. Parker, Jr., was named trustee and no provision was therein made for appointment of a new trustee in the event of a vacancy. Mr. Parker died in 1933, while a resident of Garfield county, Okla.

In 1937, Enid Cemetery Association, a corporation, the owner and holder of certain of such bonds, petitioned the district court of Garfield county to appoint a new trustee. In accord with such petition that court did, on June 30, 1937, appoint W. A. Goltry, one of the defendants in error herein, as trustee, who duly accepted the trust. A certified copy of such appointment was duly recorded in Garfield county.

In May, 1940, such trustee filed this action to recover judgment on all outstanding bonds and for foreclosure of the lien provided in the deed of trust. A receiver was appointed to take charge of the property.

In April, 1941, one of plaintiffs in error, Mrs. Owen L. Hill, intervened in this foreclosure action and subsequently the other plaintiffs in error also intervened. All interveners are owners and holders of some of the bonds.

Interveners present the theory that the appointment of Goltry as trustee is void and that he has no right to maintain this action, and the further theory that in any event, under the circumstances, these interveners are the proper persons to maintain this action for the benefit of all bondholders.

Interveners by this appeal complain that the judgment rendered against defendant should have been in their names instead of in the name of the trustee.

Harry O. Glasser, of Enid, for plaintiffs in error.

Elam & Crowley, of Enid, for defendant in error W. A. Goltry, Trustee.

WELCH, J. In 1919 the Elks Home

Concerning the appointment of Mr.

Goltry as trustee: At the time the appointment was made, the effective statute, 46 O. S. 1941 § 39, provided as follows:

"In the event of the death of the trustee during the period of the trust a new trustee may be appointed by the judge of the district court in an ex parte proceeding in the county of which said trustee was a resident at the time of his death, such appointment to be made upon the application of the creditor after ten (10) days notice to the maker of said deed of trust, and a certified copy of the order appointing such trustee shall be recorded in the county where such real estate is situated and such appointment shall be effective from and after certified copy is so recorded."

Interveners assert that the court was without jurisdiction to make the appointment because notice was not properly given. Petitioners there sought to give notice to the maker of said deed of trust, but interveners seek to point out that same is insufficient. We observe that the statute requires notice only to the maker of the deed. Such maker is the party defendant in this action brought by said trustee and it does not question the validity of the notice or the appointment, and it therefore follows that any question relative thereto and material to this action is waived by it.

But interveners complain that no notice was given them or other interested bondholders. It would seem from the statute that the same contemplates that the application will be made by the "creditor," in this instance, the bondholders, and for that reason it seems logical that it was contemplated that the creditor, being the applicant, would need no further notice. It would seem that the bondholders who there applied for the appointment of trustee without notice to other bondholders would be as fully clothed with authority so to do as are these interveners to assert their right to foreclose the lien without notice to other bondholders. This record discloses that the owners of only a very small percentage of the total amount of outstanding bonds are personally present in this suit.

No failure to comply with statutory provisions as to notice has been shown, but assuming that common-law and equitable considerations might in a proper case show necessity for notice to other persons not personally joining in the application of some of the creditors, we consider that this record discloses no such necessity.

The rules, when not otherwise controlled by statute, seem to be well stated in 65 C. J. Trusts, § 393, p. 599, from which we quote in part as follows:

"In accordance with the general rule of equity, and under statutes substantially declaratory thereof, all persons materially interested in the appointment of a trustee should be made parties to the proceedings, although in the absence of mandatory statute the requirement is not jurisdictional, and all beneficiaries are not indispensable parties, and the rule requiring joinder of all interested parties has been said to be one chiefly of convenience, not founded on any general principle, and subject to relaxation in the discretion of the court. . . . "

We find no merit in interveners' contention that the appointment of Mr. Goltry is void or voidable. Our consideration of that question has been indulged without regard to the trustee's contention to the effect that one may not intervene in a case for the purpose of taking over the entire case from the plaintiff, and his further contention that interveners' attack upon the appointment is collateral and cannot be sustained for that reason. We have found no need to consider those questions.

Interveners further contend that they are entitled to control this action and have judgment in their favor for the benefit of all bondholders, under Moore v. Tumwater Paper Mills Co., 181 Wash. 45, 42 P. 2d 29. There the law would seem to permit bondholders in extreme cases to foreclose a lien created by a trust deed where there is shown an arbitrary refusal on the part of the trustee to act, unreasonable neglect in the protection of the rights of the bondholders, the assumption of some position

hostile to the bondholders or prejudicial to their interest, or a vacancy in the office of trustee.

Even though that be the law, this record does not justify its application as urged by interveners. There is no suggestion of arbitrary refusal to act. No showing of a position prejudicial to the interests of the bondholders, and no vacancy. The argument can be said to go only to possible neglect or delay.

Considerable complaint is made regarding defendant's action in failing to perfect its corporate entity and provide for payment of its bonds or secure appointment of a new trustee after Mr. Parker's death. None of those things are chargeable to plaintiff, Mr. Goltry. They dwell upon delay from 1937, when plaintiff was appointed trustee, to 1940, when this suit was filed, but this record contains no evidence as concerns the cause of such delay, and we cannot say therefrom that same was unjustified.

Much stress is placed upon alleged unskillful conduct of the suit by plaintiff's attorneys after the filing of the suit, especially in the matter of obtaining service. Interveners sought to show that no proper service upon defendant was ever had until they came into the suit, and then same was obtained by them and as a result of their efforts.

We have examined their complaints in that regard and do not feel justified in concluding that same shows such unreasonable neglect in the protection of the bondholders' rights as to warrant the substitution of our judgment for that of the trial court.

Interveners would seem to take the position that they procured the only proper service upon the defendant and that by reason thereof judgment in the name of plaintiff as trustee would be ineffective because the service was not had through his efforts or that of his attorneys, and that judgment would only be good if rendered in the names of interveners. We hold that proper service on the defendant in this case would be binding upon it and bring it into the case whether same was procured through the efforts of plaintiff or interveners.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.